
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Jane Doe,<br><br>    Plaintiff,<br><br>v.<br><br>Carleton College,<br><br>    Defendant. | Case No. 24-cv-02300 (DWF/SGE)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE HER SECOND AMENDED COMPLAINT**<br><br>*Jury Trial Demanded* |

## INTRODUCTION

Plaintiff Jane Doe, by and through her undersigned counsel, respectfully seek leave to file a Second Amended Complaint ("SAC"). Plaintiff seeks to revive her previously voluntarily dismissed cause of action for negligent hiring and add factual allegations that clarify her existing causes of action following Plaintiff's receipt of new information obtained through Defendant's discovery responses and third-party subpoenas. Additionally, the SAC seeks to add punitive damages to all counts.

Plaintiff has good cause to bring this proposed amendment. In large part, Plaintiff's good cause rests on critical information received in Defendant's supplemental production, received on May 16, 2025, as well as in responses to various third-party subpoenas issued on May 13, 2025. In addition to having good cause to bring this amendment prior to the expiration of the June 1, 2025, deadline for non-dispositive motions imposed by the

Scheduling Order, dated October 28, 2024, Plaintiff's claims are not futile. Furthermore, the proposed amendments will not unduly prejudice Defendant and are not made in bad faith.

A copy of the proposed Second Amended Complaint is attached as Exhibit A to the Declaration of Tamara N. Holder.

## LEGAL STANDARD

Rule 15(a)(2) provides that courts should "freely give leave when justice so requires." The Eighth Circuit has repeatedly emphasized that leave to amend should be granted unless there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000).

## ARGUMENT

**Carleton's Failure to Investigate Smith's Fabricated Credentials Supports Reviving Plaintiff's Claim for Negligent Hiring**

This case alleges that a Carleton Salsa dance instructor, Donald Smith ("Smith") groomed and sexually abused a Carleton student while he was employed by the Defendant college. The Second Amended Complaint revives a cause of action for negligent hiring, initially alleged in the Complaint but voluntarily dismissed in the First Amended Complaint. On April 22, 2025, Defendant responded to Plaintiff's requests for production with 6,060 documents. On May 16, 2025, Defendant provided supplemental responses to Plaintiff's requests for production, containing an additional 2,251 documents.

The April 22, 2025, production revealed that Carleton was on notice of Smith's self-promoted credentials through internal communications in which he made sweeping claims about his background in dance. For example, the production included an email between Smith and the Physical Education, Athletics, and Recreation ("PEAR") Curriculum Committee approving Smith to teach his first Salsa class. In response to a section of the email which included a form requesting his teaching experience and relevant certifications, Smith listed the following:

- He trained in Salsa and Latin at the Philadelphia Dance Academy starting at 8 years old;
- He started competing at age 14;
- He won the National Cuban Salsa Championship as a senior in high school;
- He taught Salsa at Boston College;
- He taught Salsa at the Havana Club, located in Cambridge, Massachusetts;
- Danced in a performance ensemble titled *Salsa y Control*, out of Boston, Massachusetts;
- Was a featured dancer at the National Salsa Congress; and
- Danced and performed in Guatemala, Mexico, Colombia, Puerto Rico, and El Salvador.

Attached hereto as Exhibit A is a true and correct copy of the aforementioned PEAR email.

An additional communication to Daphne McCoy, an employee of Carleton's theater and dance department, reflect similar claims of his dance experience, and additionally, that

he studied under Peter Gelzhinsky at Star Dance, located in Boston, Massachusetts. Attached hereto as Exhibit B is a true and correct copy of the aforementioned email to Daphne McCoy.

In response to this information garnered from the May 16, 2025, production, Plaintiff issued third-party subpoenas to the Philadelphia Dance Academy, the Havana Club, Star Dance, and *Salsa y Control*, requesting any and all documents relating to Smith. Attached hereto as Exhibits C, D, E, and F are true and correct copies of the aforementioned subpoenas. On May 19, 2025, Plaintiff received a response from the Philadelphia Dance Academy indicating that Smith had never trained at the academy. Attached hereto as Exhibit G is a true and correct copy of the aforementioned subpoena response from the Philadelphia Dance Academy. On May 23, 2025, Plaintiff received a response from the Havana Club indicating that Smith had never worked or taught at the Havana Club. Attached hereto as Exhibit H is a true and correct copy of the aforementioned subpoena response from the Havana Club. On May 29, 2025, Plaintiff spoke with Peter Gelzhinsky of Star Dance, who conveyed that he has never worked with Smith. A written response from Mr. Gelzhinsky on behalf of his business, Star Dance, is forthcoming.

Furthermore, on May 16, 2025, Plaintiff received Defendant's complete production containing another 2,270 documents. This set of documents contained an email that reiterated Smith's outlandish claims. The email in question was a promotional email sent to students in Carleton's theater and dance community from a Carleton faculty member regarding Smith's first Salsa Dance I class. This email described Smith as having been a "competitive salsa dancer for 20 years and a

professional salsa instructor for 8 years." Further, that email also stated Smith "has danced and instructed in Minneapolis, Philadelphia, and Boston, and has been a featured danced at the National Salsa Congress both with his partner Katherine and as part of the Boston-area salsa performing ensemble 'Salsa y Control.'" Attached hereto as Exhibit I is a true and correct copy of the email advertisement.

"Negligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness[.]" *Yunker v. Honeywell, Inc.*, 496 N.W.2d 419, 423 (Minn. Ct. App. 1993) (internal citations omitted). Furthermore, to sustain a claim of negligent hiring, an employer is held to a reasonable care standard in light of all circumstances in hiring individuals, who, because of the employment, may pose a threat of injury to members of the public. *McKenzie v. Lunds, Inc.*, 63 F. Supp. 2d 986, 1005 (D. Minn. 1999). The degree of care required in hiring a new employee is dependent upon the nature of the position. *Id*. "The scope of the investigation is directly related to the severity of the risk third parties are subjected to by an incompetent employee. Only slight care might suffice in the hiring of a yardman, a worker on a production line, or other types of employment where the employee would not constitute a high risk of injury to third persons." *Ponticas v. K.M.S. Investments,* 331 N.W.2d 907, 911 n. 5 (Minn. 1983).

In response to a direct request for his teaching experience and certifications, Smith offered a series of specific and grandiose claims regarding his training and professional background in salsa dance. These claims were conveyed to faculty, who then conveyed them to students. These were not vague or incidental references. These were factual representations made to Carleton staff—including a curriculum oversight committee—as

part of a formal approval process for instructing students. From the responses to the third-party subpoenas, it is clear that Smith's claims went unverified, and that most—if not all—are likely false.

Carleton's failure to verify Smith's alleged credentials before placing him in a position of authority over students—particularly in a physically intimate, extracurricular setting like Salsa instruction—demonstrates a clear breach of the duty of reasonable care. As articulated in *McKenzie* and *Ponticas*, the level of diligence required in hiring depends on the risk posed by the employee's role. Smith was given unsupervised, physical access to young women through a role that Carleton approved via internal curriculum review processes. Despite Smith making numerous specific and easily falsifiable claims—such as training at prestigious institutions and teaching at elite venues—Carleton did not perform even the most basic background check. Even a Google search on Smith would show that he is nonexistent in the dance world. Had Carleton exercised ordinary diligence, it would have discovered that Smith's stated credentials were entirely unsupported. This failure is particularly egregious given Carleton's direct involvement in circulating Smith's self-aggrandizing claims to students, which gave him legitimacy and facilitated his ability to target and ultimately abuse Plaintiff.

Accordingly, Plaintiff has sufficiently alleged that Carleton knew or should have known of Smith's unfitness at the time they hired him to teach Salsa, supporting Plaintiff's negligent hiring claim. Plaintiff now has a good faith basis for reasserting this claim and wishes to do so. Plaintiff files this motion promptly after identifying the need for the amendment based on additional investigation and analysis and prior to the June 1 deadline

contained in the Pretrial Scheduling Order, dated October 28, 2024. This request is not brought for purposes of delay or harassment. No dispositive motion has yet been ruled upon, and discovery remains ongoing. Defendant will have ample opportunity to respond to the amended pleading and adjust its litigation strategy accordingly.

### Plaintiff properly seeks to request punitive damages for all six (6) counts

In her First Amended Complaint, Plaintiff only sought punitive damages in her first count: Vicarious Liability Assault and Battery - Common Law. Now, in her Second Amended Complaint, Plaintiff seeks to add a request for punitive damages to the additional five counts: Count Two - Vicarious Liability Sexual Abuse – Minn. Stat. § 541.073; Count Three - Negligent Retention - Common Law; Count Four - Negligent Supervision - Common Law; Count Five - Vicarious Liability Negligence; and, Count Six: Negligent Hiring – Common Law.

While Minnesota Statute Section 549.191 prohibits a plaintiff from seeking punitive damages in their complaint, Rule 8(a) of the Federal Rules of Civil Procedure permits a plaintiff to request punitive damages in their complaint. *See* Fed. R. Civ. P. 8(a) (providing that a complaint "must contain" both "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought"); *Selective Ins. Co. of S.C. v. Sela*, 353 F. Supp. 3d 847, 857 (D. Minn. 2018) (finding that Rule 8 "authorizes a plaintiff to request any and all of the relief sought in all pleadings that state a claim (including initial complaints)") (quotation marks and citation omitted).

Despite the conflict between state law and the federal rules, the courts have ruled that Rule 8 is procedural, does not alter substantive rights, and does not contravene

the Rules Enabling Act nor the Constitution. Thus, Rule 8(a) permits the pleading of punitive damages under state law in federal court, so long as the complaint contains both "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." *American Achievement Corp. v. Jostens, Inc.*, 622 F. Supp. 3d 749, 766 (D. Minn. 2022).

Substantively, requesting punitive damages requires evidence that the defendant acted willfully, maliciously, or with reckless indifference to the plaintiff's rights. In this case, Rule 8(a) applies, as all six (6) counts are state law and common law claims that have been or intend to be filed in federal court. Further, in Plaintiff's Second Amended Complaint, and for each count, she properly makes a short and plain statement of each claim showing that she is entitled to relief, as well as a demand for the relief sought, which includes a request for punitive damages.

> **Three (3) of the six (6) counts involve vicarious liability: Count One: Vicarious Liability Assault and Battery - Common Law; Count Two: Vicarious Liability Sexual Abuse – Minn. Stat. § 541.073; and, Count Five: Vicarious Liability Negligence.**

To properly plead a request for punitive damages in a battery case involving vicarious liability in the 8th Circuit, the plaintiff must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." *American Achievement Corp. v. Jostens, Inc.*, 622 F. Supp. 3d 749, 766 (D. Minn. 2022).

Additionally, for vicarious liability, the employer may be held liable for punitive damages if the employee's tortious conduct occurred within the scope of employment and

which includes conduct of the kind the employee was hired to perform, occurring within authorized time and space limits, and motivated, at least partially, by a purpose to serve the employer. *Daniels v. Lutz*, 407 F. Supp. 2d 1038, § 7.03, Principal's Liability--In General. Additionally, punitive damages against an employer often require showing that a managerial agent authorized, ratified, or recklessly disregarded the tortious conduct. § 7.03, Principal's Liability--In General, § 40 Punitive Damages Against a Tortfeasor's Principal (Direct and Vicarious Liability).

In this case, Plaintiff's facts section is nearly 40-pages, which details a years-long grooming process by Carleton Salsa dance teacher and Plaintiff's supervisor, Don Smith. Beginning in 2019, when Plaintiff was a freshman at Carleton and just 18 years old, Smith began his manipulation of Plaintiff. Carleton employed Smith, an alumnus, and Plaintiff, too, yet it did not do any cursory background investigation into Smith's purported experience in dance which included teaching across the world and competing in globally recognized competitions.

As detailed below, Plaintiff meets the procedural and substantive standards in her Second Amended Complaint to seek punitive damages for all six counts against Defendant Carleton College.

Count One: Vicarious Liability Assault and Battery - Common Law: Smith committed the tort of battery when he assaulted Plaintiff in ways including but not limited to grabbing and spanking her buttocks during independent study and forcibly kissing Plaintiff during and after dances.

Plaintiff did not consent to Smith's assaults. Smith acted with intent to cause Plaintiff harm and/or offensive contact and put her in immediate fear for her well-being through his assaults. Smith's assaults occurred in the course of his employment as Jane's supervisor and mentorship in Salsa dancing.

Defendant Carleton, as Smith's employer, is vicariously liable for Smith's conduct, as it was performed in the course and scope of his employment. As a result of Defendant's unlawful conduct, Plaintiff suffered damages in an amount that exceeds $75,000, in the form of physical injury, severe emotional trauma and psychological distress, diminished enjoyment of life, depression, anxiety, humiliation, pain in mind and body, and past and future medical expenses.

As to Count One, Plaintiff Jane Doe prays for judgment in favor of Plaintiff Jane Doe and against Defendant Carleton College for compensatory damages that are fair, equitable, and in excess of $75,000.00, plus punitive damages in such sum as will serve to punish Defendant and discourage Defendant and others from similar conduct, plus post-judgment interest, costs, and attorneys' fees as allowed by law, and for such other and further orders as this Court deems just and proper under the circumstances.

Count Two: Vicarious Liability Sexual Abuse – Minn. Stat. § 541.073: Minnesota law provides that a person is entitled to civil damages for crimes falling under the umbrella of sexual abuse. Minn. Stat. § 541.073. "Sexual abuse" includes criminal sexual conduct in the fifth degree, which is defined, in relevant part, as when "a person engages in nonconsensual sexual contact." Minn. Stat. § 609.3451 subd. 1a(1). On more than one

occasion, Smith committed crimes that meet the definition of sexual abuse, including but not limited to second and fifth degree criminal sexual conduct.

Smith spanked Jane on the buttocks without her consent and with sexual and aggressive intent. Jane was reasonably fearful of Smith because he had told her that he was a sociopath with anger issues, disclosed details of a violent past, stated that he always had at least one knife on his person, and she personally saw a gun in his home. Smith continually emphasized that he felt he had to constantly resist assaulting Jane, placing her in fear of further sexual assault involving sexual penetration.

An employer may be vicariously liable or liable under the doctrine of respondeat superior for sexual abuse claims. Minn. Stat. § 541.073, subd. 4; see also *Fahrendorff v. North Homes, Inc.,* 597 N.W.2d 905 (Minn. 1999) (holding a group home may be vicariously liable for its employee's sexual assault of its minor resident based on evidence that it is a well-known hazard in the industry).

Sexual assault of a student and/or subordinate employee by an instructor is a well-known hazard in the dance and education industries. Jane intends to submit expert testimony at trial in support of this proposition. Carleton, as Smith's employer, is vicariously liable for Smith's conduct, as it was performed in the course and scope of his employment.

As a result of Defendant's unlawful conduct, Plaintiff suffered damages in an amount that exceeds $75,000, in the form of increased financial hardship, loss of career opportunities, physical injury, severe emotional trauma and psychological distress,

diminished enjoyment of life, depression, anxiety, humiliation, pain in mind and body, and past and future medical expenses.

As to Count Two, Plaintiff Jane Doe prays for judgment in favor of Plaintiff Jane Doe and against Defendant Carleton College for compensatory damages that are fair, equitable, and in excess of $75,000.00, plus punitive damages in such sum as will serve to punish Defendant and discourage Defendant and others from similar conduct, plus post-judgment interest, costs, and attorneys' fees as allowed by law, and for such other and further orders as this Court deems just and proper under the circumstances.

Count Three: Negligent Retention – Common Law: Plaintiff alleges Smith's conduct demonstrated he had dangerous proclivities. Carleton knew or should have known of Smith's possible dangerous proclivities. Carleton failed to adequately respond to Smith's dangerous proclivities to ensure Jane's safety. Defendant, through its agents and/or employees, was negligent in manners including but not limited to:

    a)    Failing to take proper and effective measures to ensure an incident such as the one described in this Complaint did not occur;

    b)    Failing to take protective measures to ensure the safety, security, and wellbeing of Plaintiff;

    c)    Permitting and/or allowing an environment in which Smith easily and repeatedly violated or engaged in conduct that would constitute violations of Minnesota criminal statutes prohibiting Sexual Abuse (§ 541.073), and/or Assault in the Fifth Degree (§ 609.224);

    d)    Failing to investigate Smith after Jane received a head injury during Smith's class;

    e)    Failing to investigate Smith after receiving Professor Howard's concerns.

Further, the acts or omissions by Defendant were a direct and proximate cause of the injuries and damages as set forth hereto. As a result of Defendant's unlawful conduct, Plaintiff suffered damages in an amount that exceeds $75,000, in the form of increased financial hardship, loss of career opportunities, physical injury, severe emotional trauma and psychological distress, diminished enjoyment of life, depression, anxiety, humiliation, pain in mind and body, and past and future medical expenses.

As to Count Three, Plaintiff Jane Doe prays for judgment in favor of Plaintiff Jane Doe and against Defendant Carleton College for compensatory damages that are fair, equitable, and in excess of $75,000.00, plus punitive damages in such sum as will serve to punish Defendant and discourage Defendant and others from similar conduct, plus post-judgment interest, costs, and attorneys' fees as allowed by law, and for such other and further orders as this Court deems just and proper under the circumstances.

Count Four: Negligent Supervision – Common Law : Plaintiff alleges that Defendant, through its agents and/or employees, was negligent in manners including but not limited to:

a) Failing to take proper and effective measures to ensure an incident such as the one described in this Complaint did not occur;

b) Failing to take protective measures to ensure the safety, security, and wellbeing of Plaintiff;

c) Permitting and/or allowing an environment in which Smith easily and repeatedly violated or engaged in conduct that would constitute violations of Minnesota criminal statutes prohibiting Sexual Abuse (§ 541.073), and/or Assault in the Fifth Degree (§ 609.224);

d) Failing to observe Smith's class; and,

e)   Failing to supervise Smith during Jane's independent study.

Defendant Carleton failed to act with reasonable care in supervising Smith's conduct toward Jane, despite evidence of "red flags." The acts or omissions by Defendant were a direct and proximate cause of the injuries and damages as set forth hereto. As a result of Defendant's unlawful conduct, Plaintiff suffered damages in an amount that exceeds $75,000, in the form of increased financial hardship, loss of career opportunities, physical injury, severe emotional trauma and psychological distress, diminished enjoyment of life, depression, anxiety, humiliation, pain in mind and body, and past and future medical expenses.

As to Count Four, Plaintiff Jane Doe prays for judgment in favor of Plaintiff Jane Doe and against Defendant Carleton College for compensatory damages that are fair, equitable, and in excess of $75,000.00, plus punitive damages in such sum as will serve to punish Defendant and discourage Defendant and others from similar conduct, plus post-judgment interest, costs, and attorneys' fees as allowed by law, and for such other and further orders as this Court deems just and proper under the circumstances.

Count Five: Vicarious Liability Negligence: Smith owed a duty of care not to engage in sexual, physical, harassing, or other inappropriate conduct with Jane. Smith violated that duty of care as described herein. Defendant Carleton, as Smith's employer, is vicariously liable for Smith's conduct, as it was performed within the course and scope of his employment.

As a result of Smith and Defendant's conduct, Plaintiff suffered damages in an amount that exceeds $75,000, in the form of physical injury, severe emotional trauma and psychological distress, diminished enjoyment of life, depression, anxiety, humiliation, pain in mind and body, and past and future medical expenses.

As to Count Five, Plaintiff Jane Doe prays for judgment in favor of Plaintiff Jane Doe and against Defendant Carleton College for compensatory damages that are fair, equitable, and in excess of $75,000.00, plus punitive damages in such sum as will serve to punish Defendant and discourage Defendant and others from similar conduct, plus post-judgment interest, costs, and attorneys' fees as allowed by law, and for such other and further orders as this Court deems just and proper under the circumstances.

Count Six: Negligent Hiring – Common Law: Prior to Carleton hiring Smith as a salsa instructor, Defendant, through its agents and/or employees, knew or should have known of Smith's unfitness to teach the salsa class. Defendant had a duty to exercise reasonable care in the selection of individuals entrusted with instructing students. Defendant was negligent in manners including but not limited to:

    a)    Failing to take proper and effective measures to ensure an incident such as the one described in this Complaint did not occur;

    b)    Failing to take protective measures to ensure the safety, security, and wellbeing of Plaintiff;

    c)    Permitting and/or allowing an environment in which Smith easily and repeatedly violated or engaged in conduct that would constitute violations of Minnesota criminal statutes prohibiting Sexual Abuse (§ 541.073), and/or Assault in the Fifth Degree (§ 609.224);

    d)    Failing to conduct a reasonable investigation into Smith's background, including publicly available representations he made regarding his professional dance experience and qualifications;

    e)    Failing to conduct a reasonable investigation into Smith's credentials, which would have revealed that Smith was not credentialed by the institutions he claimed to have worked with or trained under, and lacked affiliation with the professional dance entities he referenced;

    f)    Failing to verify Smith's references or prior employers, many of which—upon information and belief—were fictitious or materially exaggerated;

    g)    Allowing Smith to lead physically interactive classes without any inquiry into his prior history with students, complaints of inappropriate behavior, or any misconduct in prior instructional roles;

Had Defendant performed a reasonable inquiry into Smith's purported dance background, it would have discovered significant misrepresentations in his credentials, revealing a pattern of dishonesty and alerting them to the foreseeable risks of entrusting a liar with a supervisory role over students. The acts or omissions by Defendant were a direct and proximate cause of the injuries and damages as set forth hereto.

As a result of Defendant's unlawful conduct, Plaintiff suffered damages in an amount that exceeds $75,000, in the form of increased financial hardship, loss of career opportunities, physical injury, severe emotional trauma and psychological distress, diminished enjoyment of life, depression, anxiety, humiliation, pain in mind and body, and past and future medical expenses.

As to Count Six, Plaintiff Jane Doe prays for judgment in favor of Plaintiff Jane Doe and against Defendant Carleton College for compensatory damages that are fair, equitable, and in excess of $75,000.00, plus punitive damages in such sum as will serve

to punish Defendant and discourage Defendant and others from similar conduct, plus post-judgment interest, costs, and attorneys' fees as allowed by law, and for such other and further orders as this Court deems just and proper under the circumstances. For these reasons, Plaintiff has met the requirements to properly request punitive damages.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her leave to file the Second Amended Complaint.

| THE LAW FIRM OF TAMARA N. HOLDER | STORMS DWORAK |
|---|---|
| /s/ Tamara N. Holder<br>Tamara N. Holder #6284888<br>*Pro Hac Vice*<br>Alexis Pavlatos #6330270<br>*Pro Hac Vice*<br>917 West Washington Blvd., Suite 222<br>Chicago, IL 60607<br>Phone: 312.440.9000<br>tamara@tamaraholder.com<br>alexis@tamaraholder.com | /s/ Paul C. Dworak<br>Paul C. Dworak, #391070<br>Naomi E. H. Martin, #0402332<br>222 South 9th Street, Suite 470<br>Minneapolis, MN 55402<br>Phone: 612.455.7056<br>Fax: 612.455.7051<br>paul@stormsdworak.com<br>naomi@stormsdworak.com |

*Attorneys for Plaintiff*